**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE ROBERT PETTIT, | No. 09-15124 |
| Plaintiff - Appellee, | D.C. No. 2:05-cv-02922-ROS |
| v. | |
| MILTON GLICK, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| and | |
| ARIZONA BOARD OF REGENTS; ARIZONA SCIENCE AND TECHNOLOGY ENTERPRISES, LLC; JOHN DOE CHANG; YUNG CHANG, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted March 11, 2010
San Francisco, California

Before: WALLACE, GRABER and McKEOWN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Dr. George Pettit, a research scientist and tenured professor at Arizona State University ("ASU"), brought a 42 U.S.C. § 1983 action against then-Provost Morton Glick and others for removing Pettit from his positions as Director of ASU's Cancer Research Institute ("CRI") and the Dalton Chair of Cancer Research and Medicinal Chemistry. Glick filed motions to dismiss and for summary judgment on the basis of qualified immunity, arguing that, under Arizona law, the two positions were not lifetime appointments and that, even if they were, this right was not clearly established. The district court denied Glick qualified immunity, and Glick filed an interlocutory appeal to challenge the district court's orders. We reverse and remand.

Orders denying qualified immunity may be immediately appealed under the collateral order doctrine. Mitchell v. Forsyth, 472 U.S. 511, 526-27 (1985). We review de novo a decision denying a motion to dismiss and motion for summary judgment based on qualified immunity. McSherry v. City of Long Beach, 584 F.3d 1129, 1134 (9th Cir. 2004).

Under Pearson v. Callahan, we may "exercise [our] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." — U.S.

2

—, 129 S. Ct. 808, 818 (2009). We elect to proceed under the second prong of the qualified immunity analysis: whether the right at issue was clearly established such that a reasonable officer would have known that his conduct violated that right. Id. at 815. We consider whether the right was clearly established "in light of the specific context of the case, not as a broad general proposition." Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled on other grounds by Pearson, — U.S. —, 129 S. Ct. at 818.

Under Arizona law, "[t]he general rule is that an employment agreement of indefinite duration is presumed to be terminable at will by either party with or without cause. Because the at-will relationship is contractual, however, the parties can modify that presumption." Duncan v. St. Joseph's Hosp. & Med. Ctr, 903 P.2d 1107, 1111 (Ariz. Ct. App. 1995) (citations omitted). No contract, document, or express promise existed indicating that the CRI Director was a lifetime appointment or that the Director could not be removed. Glick, as a reasonable official, could not have known that Pettit might have a property right in the CRI Director position or thereby in the Dalton Chair which, by contract, was simply derivative of whoever held the CRI Director position. Therefore, the district court erred in denying qualified immunity to Glick.

**REVERSED AND REMANDED.**

3